UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT KARL GEORGE,

      Plaintiff,

    v.                                     Civil Action No.: 3:10-cv-688-J-34JBT

WALTER A. MCNEIL et al.,

      Defendants.

_____/

**FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, Robert Karl George ("Plaintiff"), by and through his undersigned counsel, and by way of this Fourth Amended Complaint against the Defendants, jointly and severally, in both their individual and official capacities, each demonstrated a deliberate indifference by refusing to provide adequate medical treatment, care and custody to Plaintiff and knowingly disregarded the identifiable and known risk that the failure to provide such medical treatment would ultimately lead to severe physical injury to Plaintiff. These deliberate actions and omissions subjected Plaintiff George to great physical injury, pain and suffering in violation of his rights as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. In support thereof, Plaintiff George states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Robert Karl George, is an adult male who is, and at all times relevant herein, has been a citizen of and resides in the City of Jacksonville, Duval County, Florida.

2.      At all times relevant herein, Defendant Walter A. McNeil (at times herein referred to as "McNeil") is the Secretary of the Florida Department of Corrections ("F.D.O.C.").

3.      At all times relevant herein, Defendant Celeste Kemp ("Kemp") is a representative of the Secretary of the Florida Department of Corrections.

4.      At all times relevant herein, Defendant Melody Flores ("Flores") is the Warden at Baker Correctional Institution.

5.      At all times relevant herein, Defendant Susan T. Robinson ("Robinson") is the Assistant Warden at Baker Correctional Institution.

6.      At all times relevant herein, Defendant Dr. Toung Van Le ("Le") is the Chief Health Officer at Baker Correctional Institution.

7.      At all times relevant herein, Defendant Dr. Ronald Solorzano ("Solorzano") is the Region 1 Medical Executive Director at Baker Correctional Institution.

8.      At all times relevant herein, Defendant Dr. Olugbenga Ogunsanwo ("Ogunsanwo") is the Deputy Secretary of Health Services at Baker Correctional Institution.

9.      At all times relevant herein, Defendant John Doe ("Doe") is a Utilization Management Authorization employee at Baker Correctional Institution.

10.      Plaintiff was incarcerated at Baker Correctional Institution and under the care of all Defendants from on or about June 10, 2009 until 2011.

2

11.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and 42 U.S.C. §§ 1983 and 1988.

12.     A substantial part of the acts complained of herein occurred primarily in the City of Jacksonville, Duval County, Florida.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

13.     On or about June 10, 2009, Plaintiff George entered F.D.O.C. custody.

14.     Plaintiff informed the examining physician at Lake Butler RMC that he presently had Hepatitis C infection and requested medical treatment for it as soon as possible.  Plaintiff was advised by the examining physician that he would be provided medical treatment for his serious medical condition when he arrived at his permanent location within the prison system.

15.     On or about June 15, 2009, Plaintiff arrived at his permanent location within the prison system where Plaintiff was advised by a Classification employee that he had 25 ½ months to serve until his tentative release date.  Plaintiff's earliest possible release date was approximately March 17, 2011, which accounted for all possible earned gain-time.

16.     In July 2009, Plaintiff was transferred to Santa Rosa Correctional Institute.  At this time, Plaintiff sent an Inmate Request asking to see a physician and to be treated for his serious medical condition of Hepatitis C infection/progressive liver disease.

17.     Soon thereafter, the Santa Rosa C.I. physician ordered a blood test and told Plaintiff he could expect treatment soon.

18.     In August 2009, Plaintiff was transferred to Baker Correctional Institution.  The Plaintiff again sent an Inmate Request asking to see a doctor and to be treated for his serious medical condition of Hepatitis C infection/progressive liver disease.

3

19.     The then Baker C.I. physician (now deceased) ordered more blood tests and a genotype test.  The Plaintiff was informed that this physician would be meeting with the Chief Health Officer, Defendant Dr. Toung Van Le, soon regarding Plaintiff's treatment plan.

20.     In September 2009, Plaintiff met with Defendant Le who informed Plaintiff that he had a Type 1 Hepatitis C infection and that his liver enzyme levels were double what were normal.  Defendant Le advised Plaintiff that these levels showed that the infection was actively progressing and it could be fatal.

21.     Defendant Le gave Plaintiff a copy of Plaintiff's medical report and advised that Plaintiff's enzyme levels do not have to be elevated for irreparable damage to happen.  The report states, among other things, that:  "Baseline ALT should not be used to determine whether or not patients should receive treatment."

22.     Defendant Le also told Plaintiff in September 2009, that he was referring him to Dr. Alejandro Radi at Lake Butler RMC for a liver sonogram to assess the damage that had already occurred.

23.     Finally, Defendant Le recommended treatment for Plaintiff with the medications Interferon and Risavarin, and advised that Plaintiff had plenty of time to complete the year-long treatment plan.

24.     In November 2009, Plaintiff was permitted to go to Lake Butler RMC and had a liver sonogram performed.  However, no treatment for Plaintiff's serious medical condition was started.

25.     On or about December 5, 2009, Plaintiff filed a medical grievance because medical treatment for Plaintiff's serious medical condition had not yet begun even though

Plaintiff had been in custody for six months.  A true and exact copy of Plaintiff's December 5, 2009 medical grievance is attached hereto as Exhibit A.

26.     The response to the December 5, 2009 medical grievance recommended, *inter alia,* that Plaintiff continue practicing cooperation and patience.  However, no medical treatment was initiated for Plaintiff's serious medical condition.

27.     On or about January 5, 2010, Plaintiff filed a second medical grievance because treatment of his serious medical condition had still not started.  Additionally, Plaintiff was coming up on his 12 months until his Tentative Release Date ("TRD") and had been advised that his treatment was going to take at least 12 months.   A true and exact copy of Plaintiff's January 5, 2010 medical grievance is attached hereto as Exhibit B.

28.     Plaintiff advised in this grievance, *inter alia,* that he could not wait any longer to receive treatment.  Plaintiff also advised he was being forced to contact an attorney due to the denial of medical care.

29.     On or about January 12, 2010, Plaintiff was permitted to see the specialist Dr. Radi at Lake Butler RMC.  Plaintiff was advised by Dr. Radi that Plaintiff's viral load was extremely high creating a dangerous health condition.  Dr. Radi informed Plaintiff that his sonogram showed cirrhosis and scarring which leads to liver failure.  Dr. Radi also told Plaintiff that he needed antiviral therapy to halt the progression of the damage caused by the untreated Hepatitis C infection.  Finally, Dr. Radi told Plaintiff he should immediately begin treatment, starting with a liver biopsy.

30.     On or about January 14, 2010, Plaintiff received a response to this second medical grievance which states, *inter alia*, that Plaintiff was seen by the specialist on January 12, 2010

5

and that Plaintiff should learn to be patient.  However, no medical treatment was initiated for Plaintiff's serious medical condition.

31.     On or about February 2, 2010, Plaintiff filed a third medical grievance because three weeks had passed and Plaintiff had not received any treatment of his serious medical condition, including the liver biopsy as the first step in his treatment.  A true and exact copy of Plaintiff's February 2, 2010 medical grievance is attached hereto as Exhibit C.

32.     On or about February 12, 2010, Defendant Le informed Plaintiff that he was denied the liver biopsy and treatment for his serious medical condition because there were less than eighteen (18) months left until his TRD.

33.     Also on or about February 12, 2010, Plaintiff filed a Request for Administrative Remedy or Appeal to Secretary of F.D.O.C., Defendant McNeil, to appeal the decision to deny Plaintiff treatment of his serious medical condition.  Defendant McNeil's response to this appeal was a request for Plaintiff to file a grievance at the institutional level.  However, no medical treatment was initiated for Plaintiff's serious medical condition.

34.     On or about February 23 and March 2, 2010, Plaintiff filed Requests for Administrative Remedy to Baker C.I. Assistant Warden, Defendant Susan T. Robinson, further requesting medical care, detailing his denial of medical treatment and his grievances with the medical staff.  True and exact copies of said Requests for Administrative Remedies are attached together hereto as Exhibit D.

35.     On or about March 10, 2010, Defendant Robinson denied Plaintiff's Request for medical care.  In that denial, Defendant Robinson stated Plaintiff would be treated by a physician at Baker C.I. even though his treatment had already been denied.  Additionally, Defendant Le signed this denial, stating he would be the physician treating the Plaintiff, even though Defendant

Le knew Plaintiff's treatment had already been denied.  However, no medical treatment was initiated for Plaintiff's serious medical condition.

36.     After receiving the denial, that same day Plaintiff filed another Request for Administrative Remedy and Appeal to the  Baker C.I. Warden, Defendant Melody Flores, due to his continued denial of medical treatment.

37.     On or about March 15, 2010, Plaintiff filed another Request for Administrative Remedy or Appeal to Defendant McNeil due to the continued denial of medical treatment.  A true and exact copy of the said March 15, 2010 Request for Administrative or Appeal is attached hereto as Exhibit E.

38.     On or about March 25, 2010, Plaintiff received a response to his Requests for Administrative Remedy or Appeal signed by Defendants Robinson and Le where his grievance was being returned, unprocessed because a decision was already made on the issue of medical treatment.

39.     On or about March 26, 2010, Plaintiff filed another Request for Administrative Remedy or Appeal to Defendant McNeil due to the continued denial of medical treatment and the response received from Defendants Robinson and Le.  A true and exact copy of said March 26, 2010 Request for Administrative Remedy or Appeal is attached hereto as Exhibit F.

40.     On or about May 26, 2010, Defendant McNeil denied the March 26, 2010 request for medical.

41.     At all times relevant herein, Defendants McNeil, Robinson, Le, Flores, Kemp, John Doe, Ogunsanwo and Solorzano were personally aware of Plaintiff's serious medical needs, the failure to treat Plaintiff's medical condition and the substantial risk of serious harm to Plaintiff as a result of the lack of treatment of his serious medical condition.

42.     At all times relevant herein, Defendants, as supervisors of one another, were (1) on notice of the need to make corrections in the treatment of Plaintiff by subordinates, which said Defendants failed to enact; (2) that the Defendants, as supervisors, directed subordinates to act unlawfully in the treatment of Plaintiff; (3) that the Defendants, as supervisors, knew that subordinates would act unlawfully in the lack of treatment of Plaintiff and failed to stop them; or (4) that the Defendants, as supervisors, created a custom or policy of denial of medical care to persons like Plaintiff, resulting in deliberate indifference to Constitutional rights.

43.     At all times relevant herein, Defendants were persons acting under the color of State law and deprived Plaintiff of his federal Constitutional rights.

**COUNT I**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**
**IN VIOLATION OF 42 U.S.C. § 1983**

44.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43 of this Fourth Amended Complaint as if fully set forth herein.

45.     The actions of the Defendants, as stated herein, indicate a deliberate indifference to the serious medical needs of Plaintiff.

46.     The Defendants, with knowledge of Plaintiff's serious medical needs and with deliberate indifference to such serious medical needs, acted or failed to act in such manner as to prevent Plaintiff from obtaining needed medical treatment and care and/or to prevent needed medical treatment and care from reaching the Plaintiff.

47.     The actions and/or omissions of the Defendants, in being deliberately indifferent to the serious medical needs of Plaintiff, are a direct and proximate cause of damage to Plaintiff's health and well-being.

48.     The acts and omissions of all the Defendants in this case deprived Plaintiff of his

clearly established rights under the Eighth and Fourteenth Amendments to the United States

Constitution in violation of 42 U.S.C. § 1983.

49.     Defendants actions and omissions were willful, wanton, reckless, intentional,

conscious and malicious and in deliberate disregard of Plaintiffs' Constitutional rights.

50.     As a proximate result of the acts, omissions and Constitutional violations by

Defendants as alleged above, Plaintiff has suffered, and continues to suffer, physical injury and

pain, mental anguish, fear, emotional distress, bodily injury, loss of earning capacity, and loss of

enjoyment of life.

## COUNT II
## DENIAL OF MEDICAL TREATMENT IN VIOLATION OF 42 U.S.C. § 1983

51.     Plaintiff hereby realleges and incorporates by reference all of the allegations

set forth in paragraphs 1 through 43 of this Fourth Amended Complaint as if set forth in full

herein.

52.     The Defendants were responsible for the care and custody of Plaintiff throughout

his incarceration, were charged with the safe keeping, supervision and custody of the Plaintiff,

had notice of the Plaintiff's need for medical services to treat his severe medical condition.

53.     The Defendants denied medical treatment to Plaintiff and such

denial was deliberate indifference to Plaintiff's serious medical needs and clearly established

Constitutional rights, and in accordance with the custom and policy of the Defendants in setting

and implementing health care policy for Baker C.I.

54.     On information and belief, it is a practice of the Defendants to deny a prisoner in

custody at Baker C.I. medical care where the TRD is less than eighteen (18) months.

9

55.     Defendants knowingly and intentionally, with deliberate indifference to Plaintiff's serious medical needs, failed to provide Plaintiff proper medical treatment, monitoring and attention.

56.     Defendants actions and omissions were willful, wanton, reckless, intentional, conscious and malicious and in deliberate disregard of Plaintiffs' Constitutional rights.

57.     As a proximate result of the acts, omissions and Constitutional violations by Defendants as alleged above, Plaintiff has suffered, and continues to suffer, physical injury and pain, mental anguish, fear, emotional distress, bodily injury, loss of earning capacity, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Robert Karl George respectfully requests that this Honorable Court grant the following relief:

(1)     Enter judgment on behalf of Plaintiff against all Defendants on all Counts herein;

(2)     Award Plaintiff compensatory damages against Defendants in amounts to be determined by the jury;

(3)     Award Plaintiff reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest;

(4)     Award Plaintiff punitive damages against Defendants in their individual capacity; and

(5)     Such other or further equitable and monetary relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Neil L. Henrichsen*
Neil L. Henrichsen
Fla. Bar No. 0111503
HENRICHSEN SIEGEL, P.L.L.
1648 Osceola Street
Jacksonville, FL 32204
Phone: (904)381-8183
Fax: (904)381-8191
nhenrichsen@hslawyers.com

Trial Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims in this Complaint.

Dated:  June 22, 2011

Respectfully Submitted,

*/s/ Neil L. Henrichsen*
Neil L. Henrichsen
Fla. Bar No. 0111503
HENRICHSEN SIEGEL, P.L.L.
1648 Osceola Street
Jacksonville, FL 32204
Phone: (904)381-8183
Fax: (904)381-8191
nhenrichsen@hslawyers.com

Trial Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of June 2011 a correct copy of the foregoing Notice

of Appearance was furnished via CM/ECF to the following:

Maricruz Rahaman Fincher
Attorney General's Office
The Capitol PL-01
Tallahassee, FL  32399-1050
Maricruz.fincher@myfloridalegal.com

Jason Vail
Assistant Attorney General
Office of the Attorney General
PL-01, The Capital
Tallahassee, FL  32399-1050
Jay.vail@myfloridalegal.com


                                        */s/ Neil L. Henrichsen*
                                        Neil L. Henrichsen

# EXHIBIT A

# INMATE REQUEST

(Instructions on Back)

Team Number: _____

Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☑ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Robert George | DC Number<br>283847 | Quarters<br>B21415 | Job Assignment<br>I/S Grounds | Date<br>12/5/09 |
|---|---|---|---|---|---|

## REQUEST

I INFORMED O.O.C. I HAVE Hepatitis C
WHEN I SAW THE DOCTOR ON JUNE 15th AND ASKED
DOCTOR TO TREATED FOR THE HEPATITIS C
IT HAS BEEN 6 MONTHS AND NO TREATMENT.
IF YOU ARE NOT GOING TO ~~start~~ START
TREATMENT VERY SOON PLEASE LET ME
NOW SO I CAN CONTACT ATTORNEYS I've
BEEN DISCUSSING THIS ISSUE WITH,
WRITE BACK PLEASE AND LET ME KNOW
WHAT YOU ARE DOING? Thankyou,
                    Robert George

ALSO NEED REFILLS OILED for prescription for
800mg MOTRIN for Chronic PAIN REFILLS ended this MONTH.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All
informal grievances will be responded to in writing.

DEC ( 8 2009

SENIOR HEALTH SERVICES
ADMINISTRATOR

---

DO NOT WRITE BELOW THIS LINE

DATE RECEIVED: _____

## RESPONSE

Review of your medical record indicates that
you have already started diagnostic Testing (labs
had a liver sonogram). The doctor has also
submitted a referral to a specialist and we are
currently waitin for it's approval. I recommend
that you continue to practice cooperation and patience
regardin this process. However, if you feel it is
necessary to contact a lawyer, do so. It will not
effect the outcome of the approval process. You may
check on the status of refills at sick call

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): [signature] SHSA<br>DOWLING, SHSA<br>BAKER CI | Date: 12/8/09 |
|---|---|

Distribution:   White   -Returned to Inmate
               Canary  -Returned to Inmate

Pink   -Retained by official responding, or if the response is to an
        informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

8 0

# EXHIBIT B

JAN 12 2010

(Instructions on Back)    Institution: _____

GREI VANCE    ASSISTANT WARDEN-OPERATIONS
☐ BAKER CORRECTIONAL INSTITUTION    01-0025

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☒ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name ROBERT GEORGE | DC Number 283897 | Quarters B2141S | Job Assignment IS Grounds | Date 1/5/10 |
|---|---|---|---|---|---|

REQUEST    DENIAL OF MEDICAL TREATMENT

I HAVE Requested medical treatment for my Hepatitis C
& Since June 2009 when I went to Butler RMC.
My Liver Blood enzyme levels have been tested monthly and
Are elevated. The Doctor referred me 2+ months Ago
to see specialist. I had Sonogram of my liver 6-7 weeks
But have not been sent to see Doctor. This condition
has been left untreated now 7 months and treatment takes
up to 1 year. I am getting down to 1 year TOO soon.
I am requesting to see Doctor (specialist + NJN'S) It seems
your medical staff is attempting to wait until it can say I
Do not have time left for treatment. I am writing my
Attorneys at Morgan and Morgan in Jacksonville, and when
This Request is Received I will Grieve Internal, Lawsuit proceeds,

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All
informal grievances will be responded to in writing.

Sincerely Robert George

---

DO NOT WRITE BELOW THIS LINE

RESPONSE                                    DATE RECEIVED: _____

You were seen by the specialist on
1/2/10. You should understand that
all non-emergent referrals are on a
waiting list you should also learn to
be patient and allow us time to do
the treatment required

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _denied_ . (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)

Official (Signature): _____    Date: 1/14/10

Distribution:    White    -Returned to Inmate    Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate             informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

# EXHIBIT C

( GRIEVANCE )   **RECEIVED**   (Instructions on Back)

Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden  FEB 12 2010  ASSISTANT Warden -OPERATIONS  BAKER CORRECTIONAL INSTITUTION | ☐ Classification  ☐ Security | ☒ Medical  ☐ Mental Health | ☐ Dental  ☐ Other | 02-00-22 |

| FROM: | Inmate Name  ROBERT GEORGE | DC Number  283897 | Quarters  B2141s | Job Assignment  Electrical | Date  2/2/10 |

REQUEST Grievance                                    Check here if this is an informal grievance ☐

I have requested treatment for my Hep C since June 2009
And medical here at Baker has done little to help without me
constantly filing grievances. After months finally on Jan/14th I saw
Dr Rafi at Button who said I would be back within 2
weeks for a biopsy of my liver as he approved my treatment.
It has been 3 weeks now and medical here at Baker CI has
not taken me for my follow up. I am writing Tallahassee this time
The only reason I saw Dr. Rafi on January 14th was because I
sent a grievance to the warden and now medical is still not
doing its job. Also 3-4 weeks ago I was told that I
had a dr. appt to get medicine represcribed. I have been
billed 3 times by medical "each while trying to get my
medicine and still haven't gotten it set for refills. I have all the

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.    evidence to show what you people do.
Please do something right!

DO NOT WRITE BELOW THIS LINE

RESPONSE                                    DATE RECEIVED: _____

On Jan 29, 2010 Dr. Le notified you that the Liver Biopsy
had been denied by U.M.

You again where seen by Dr. Le on 2-12-2010 concerning
Liver Viruses, with no new complaits concerning your
Hep C

Your current treatment is being managed thoroughly
and appropriately.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is ___Denied___ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Signature): M. ARZIE, HIS  BAKER C.I. | Date: 2/17/10 |

Original: Inmate (plus one copy)

CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09)

# EXHIBIT D

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden   ☒ Assistant Warden   ☐ Secretary, Florida Department of Corrections

BAKER CI ASSISTANT WARDEN PROGRAMS

From: GEORGE, ROBERT KARL   283897   BAKER C.I.   B21415

Last   First   Middle initial   Number   Institution

Part A - Inmate Grievance

YOUR Reply to my Prior grievance says I am receiving appropriate Treatment. I am not Receiving any Treatment for Hep.C This is lie (on other grievance Attached) I Have requested The Progressive Liver Disease Hepatitis B, Be Treated (as it is Treatable) since I came into D.O.C. on June 2009. Dr. Lee, O.O. recommend treatment and sent me to the Specialist at Lake Butler RMC. Dr. Padi Recommended a Liver Program to see amount of damage to Liver. He Looked and informed me that my Liver damage so far about in the middle of a good Liver. And destroyed Liver, he recommended Treatment and ordered a Liver Biopsy And said the results would determine the strength of the medicine he order for Treatment And advised me that I'd be Back within 2 weeks for Biopsy then start Treatment within 2 weeks After that. This Disease is Treatable both Doctors see the damage And recommended Treatment, As More & more damage occurs, as it slowly destroys my Liver, day by day if Left untreated Now somebody who has not even seen my medical test or results has denied me Treatment. I am again requesting Treatment you said in earlier grievance you wrote Back that on 12/12 I did not complain about Liver Hep.C, Oh yes I did. And I wrote Tallahassee. I have been denied needed Treatment that the Doctors have requested. And I desperately need.

2/23/10 DATE   SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

____# / ____ Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

OTA
Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 2-23-10   Institutional Mailing Log #: 1002-279-031

DISTRIBUTION:   INSTITUTION/FACILITY   CENTRAL OFFICE
INMATE (2 copies)   INMATE
INMATE'S FILE   INMATE FILE - INSTITUTION/FACILITY
INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 3/05)

85

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

BAKER CI
ASSISTANT WARDEN PROGRAMS

TO: ☐ Warden   ☒ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: GEORGE, ROBERT Karl   DC 283897   Baker Correctional Institution
Last   First   Middle Initial   Number   Institution
B2145

Part A – Inmate Grievance

DENIAL OF MEDICAL treatment. I WAS Denied medical treatment on 2/12/10 for my Hepatitis C. Doctor Lee Here AT BAKER C.I. recommended treatment After Reviewing my lab results And sent me to DR. Razi At Lake Butler RMC. Dr. Razi (specialist) ~~ordered~~ ORDERED A LIVER SONOGRAM. After THE SONOGRAM I went to see DR. Razi AGAIN. He went over the results of the sonogram with me And told me that the progressive liver disease due to the virus has damaged my liver But NOT completely yet. He said it's About 1/2 way gone. He said he was ordering A LIVER Biopsy to check for cancer And to see how much medication he would prescribe to begin treatment As the Amount of Dosage can very According to the Actual damage Already Done. He Also recommended treatment. He said I would be back within 2 weeks for the Biopsy And would begin treatment within 2 weeks After that. An February 12th, 2010 DR. Lee informed me that his Boss. Denied me treatment, And I would NOT Be getting A Biopsy or Be seeing Dr. Razi AGAIN. He Apologized And said he is little fish in Big Sea And he was sorry. I informed him that I Am Incarcerated the Hepatitis C is treatable. I have been Requesting treatment since June 2009 And I will be talking with morgan And morgan to sue D.O.C. I Am Requesting medical treatment for A treatable disease that is destroying my liver And have been denied treatment by medical.

3/2/10
DATE

SIGNATURE OF GRIEVANT AND D.C. #
283897

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___
#    Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

P74
Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 3-3-10
(Date)

Institutional Mailing Log #: 1103-279-007

(Received By)

DISTRIBUTION:
INSTITUTION/FACILITY
INMATE (2 Copies)
INMATE'S FILE
INSTITUTIONAL GRIEVANCE FILE

CENTRAL OFFICE
INMATE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 3/05)

# EXHIBIT E

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From: George, Robert Karl    283897    Baker Correctional Institution 10-6-08, 7
　　　Last   First   Middle Initial    Number    Institution

I am not receiving my treatment for this condition at Baker CI, None!

*Part A – Inmate Grievance*　Denial of medical treatment

On June 15th 2009 in 1400 Butler RMC the Petitioner/inmate informed the medical doctor during his physical exam. He had hepatitis c and requested treatment because it was destroying his liver, the doctor said it will be arranged at your permanent camp. In early July at Santa Rosa CI the petitioner immediately informed the physician of his condition and requested treatment, she scheduled liver enzyme tests (diagnostic testing) and said she would submit a request to begin treatment as my enzyme levels were doubled for HT. I was moved to Baker CI in mid August and immediately informed the doctor I needed treatment and the tests already revealed. enzyme levels were double and eating away at my liver, He said he would schedule Genotype and request approval for treatment, after a couple months with no Genotype test the petitioner sent in multiple requests asking for treatment and finally saw Dr Lee. In October the Dr recommended treatment, sent me for Genotype testing and a sonogram of my liver - at this point I had 20 months til my TMO, treatment and momma had been, said I was scheduled to see specialist Dr Razi. After the sonogram it took over a month to see Dr Razi who informed me in November that my liver was 1/2 destroyed and he was having a biopsy done to see if cancer was present and to help in deciding the amount (dosage of medicine) I would be taking and told me I would be back within 2 weeks, this was in november, I had 19 months to TMO, the treatment takes a maximum of 12 months, my earliest TMO was march 17 2011, that was 16 1/2 months away, the D.O.C. in no way can justify its refusal to treat my condition. It is destroying my liver. both doctors recommended treatment and I was denied it in January, I still

3/15/10 　　　 have (months to TMO)
DATE 　　　　 over a year to earliest   Robert George
　　　　　　　 TMO, Earlier law suit   SIGNATURE OF GRIEVANT AND D.C. #

If you do not treat me & my liver is being destroyed that

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY* I am you waiting
EXTENSIONS: ___ This grievance includes claims ___　　　#　　　Signature
no way can D.O.C. justify refusing in all attached grievances they apply here
treat me.　　　　　INSTRUCTIONS　　　　also.

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Reason for Appeal Being Forwarded to Central Office　　　7h (279)

Submitted by the inmate on: 3-18-10　Institutional Mailing Log #: 51708　　X Mason
　　　　　　　　　　　　　　(Date)　　　　　　　　　　　　　　　　　　(Received By)

DISTRIBUTION:　INSTITUTION/FACILITY　　　CENTRAL OFFICE　　　1002-279-031
　　　　　　　　INMATE (2 Copies)　　　　　INMATE　　　　　　　1003-279-007
　　　　　　　　INMATE'S FILE　　　　　　 INMATE'S FILE - INSTITUTION/FACILITY
　　　　　　　　INSTITUTIONAL GRIEVANCE FILE　CENTRAL OFFICE INMATE FILE
　　　　　　　　　　　　　　　　　　　　 CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

If I do not receive treatment for this treatable condition that is causing permanent damage to me liver in fully aware of the life I am facing and death　89

# EXHIBIT F

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From: GEORGE ROBERT K    283897    BAKER CORR. INST.
Last   First   Middle Initial    Number    Institution

10-6-10066

Part A – Inmate Grievance

DENIAL OF MEDICAL TREATMENT - GRIEVENCE TO SECRETARY FLA DOC IS FULLY STATED ON ATTACHED GREIVENCE which was sent to WARDEN OF BAKERCI please see ATTACHED to see same greivence Just filing it at next level before ATTORNEYS will begin ACTION IN COURTS see INST. MAILING LOG #003-279-621

ATTACHED Greivence filed to WARDEN BAKERCI on 3/10/10 everything is Grieved to you.

Relief Sought
Request treatment started please

DR Kim here AT BAKER CI, spoke with me ABOUT 2WEEKS ago and said that the warden here had blamed him for not doing his job. At that time - he told me that he knew I still had over A YEAR to my earliest Tad march Z. But had 15 months to TRO AND he said he called his Boss in Tallahassee to explain to him there was still plenty of time to begin the treatment and it only takes 12 months. His Boss (? whoever it is in Tallahassee) said the decision was already made and he wasn't gonna change his mind. Dr Kim said "your testing and scheduled treatment started in July in the 10th AT SANTA ROSA - what they are doing is NOT right, I am sorry. I am getting

3/26/10   I have 16 months left.   Robert Reilly
/DATE         SIGNATURE OF GRIEVANT AND D.C. #

IF NOTHING IS GOING TO BE DONE, MEDICAL HOLD IS lifted Now please send me to works Release

BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:        #____  Signature____

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled to Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 3-29-10    Institutional Mailing Log #: S1761    A moore
(Date)                                (Received By)#

DISTRIBUTION:   INSTITUTION/FACILITY        CENTRAL OFFICE
                INMATE (2 Copies)           INMATE
                INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                            CENTRAL OFFICE GRIEVANCE FILE

7h (279)

DC1-303 (Revised 2/05)

90