UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROBERT KARL GEORGE,**

   Plaintiff,

v.               Case No. 3:10-cv-688-J-34JBT

**WALTER McNEIL,**
et al.,

   Defendants.
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME
### TO SUBMIT EXPERT REPORT

   The defendants oppose the plaintiff's motion for extra time to file their expert's report. The court should deny the motion for extension because the plaintiff has provided no substantial justification for the failure to timely disclose both the identity of his expert and the expert's report as required by Fed.R.Civ.P. 26(a)(2)(B). Moreover, the delay prejudices the defendants in that the plaintiff has not sought an extension of the summary judgment deadline, which runs November 28.

## MEMORANDUM OF LAW

The court's last scheduling order set Oct. 31, 2012, as the close of discovery. The deadline for discovery was extended twice at the plaintiff's request. DE 95, 103.

Fed.R.Civ.P. 26(a)(2)(B) required the disclosure of the report with the revelation of the expert's identity. The plaintiff did not identify its expert until the last hours on the last day of discovery.

At 4.43 p.m. on Oct. 31, as the business day drew to a close in discovery's final day, the plaintiff served a "Plaintiff's Notice of Expert Disclosure" identifying two individuals the plaintiff intends to use as expert witnesses, Dr. Joel Nitzkin and Dr. Alejandro Radi. DE 104-1. The plaintiff provided no report for either expert. *Id.*

Expert disclosures at the close of discovery warrant denial of a litigant's ability to call the expert. *Peterson v. Scotia Prince Cruises Ltd.,* 222 F.R.D. 216 (D. Maine 2004) (disclosure on last day for designation of expert); *Smith v. Union Pacific Railroad Co.,* 168 F.R.D. 626 (N.D. Ill. 1996) (expert not disclosed until last day of discovery). Disclosure at the very close of discovery denies the defendants the opportunity to depose these experts.

That the plaintiff has twice sought extensions of the discovery deadline yet has waited until the end of the last extension to disclose his experts lacks substantial justification. See Rule 37(c)(1). The plaintiff's email seizes on the excuse that he could not name experts earlier because he needed to take the defendants' depositions. DE 104-1. However that is not "substantial justification" under Rule 37. See *Plascencia v. City of St. George,* 705 F.Supp.2d 1276, 1282 (D. Utah 2010). The need for discovery is only "substantial justification" if the party needed that information to determine whether it needed an expert. *Id.* Here, the

plaintiff was on notice that he needed the expert months ago, since the defendants disclosed their expert in June. DE 104-2.

In the motion for extension, the plaintiff merely says that he had trouble finding an expert. He does not describe that trouble or any of his efforts to obtain an expert, thus giving the court nothing to go on in assessing whether his excuse is substantially justified. Waiting until after the close of discovery unreasonably delays resolution of this case.

Moreover, he had since June, when the defendants identified their expert, to get his own. If the plaintiff was having trouble finding an expert, he should have come earlier, explained his problems to the court, and sought another extension, rather than waiting until after the close of discovery to do so.

The plaintiff's failure to provide expert reports, as required by the rules, with the disclosure of the experts' identity further justifies denial of the right to call the experts. Fed.R.Civ.P. 26(a)(2)(B) requires the service of a report with the disclosure of an expert's identity. The failure to provide the report justifies denying a party the opportunity to use the witness. *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004); *Walter International Productions v. Salinas,* 650 F.3d 1402, 1412-1413 (11th Cir. 2011). See also Rule 37(c)(1).

The plaintiff's failure to timely provide a report so that the defendants could take the expert's deposition is not harmless. The plaintiff has not asked the court also to extend the summary judgment deadline, so the defendants, who believe this is a case ripe for disposition by summary judgment, must move ahead with their motion, wasting scarce time in a potentially unproductive motion.

                                                RESPECTFULLY SUBMITTED,

                                                PAMELA JO BONDI
                                                ATTORNEY GENERAL

/s *Jason Vail*

JASON VAIL
Assistant Attorney General
Florida Bar no. 298824

Office of the Attorney General
PL-01
The Capitol
Tallahassee, FL 32399
(850)414-3300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to counsel of record through use of the Court's CM/ECF system on November 16, 2012.

s/ *Jason Vail*