UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROBERT KARL GEORGE,**

    **Plaintiff,**

    v.                                  Civil Action No.: 3:10-cv-688-J-34JBT

**WALTER A. MCNEIL et al.,**

    **Defendants.**

_____/

## RESPONSE TO DEFENDANTS' MOTION IN LIMINE (DOC.104)

**COMES NOW,** Plaintiff Robert Karl George, by and through his undersigned counsel, and hereby responds to Defendants' Motion in Limine to exclude testimony from two witnesses Plaintiff has identified as experts. Defendants' Motion should be denied based upon the following good cause herein as well as those reasons for the extension requested by Plaintiff in his Motion for Extension (Doc. 105) to submit a report pursuant to Fed.R.Civ.P. 26(a)(2)(B) of his disclosed expert, Joel L. Nitzkin, MD, MPH, DPA, FACPM.

1. On October 31, 2012, Defendants made their expert, Dr. Rahangdale, a former Assistant Secretary and employee of the Florida Department of Corrections, available for deposition. Following that deposition, Plaintiff was prepared to and did make his expert disclosures of a treating physician, Dr. Alejandro Radi, who was a contract employee of the Florida Department of Corrections who recommended as a gastroenterologist that Plaintiff be treated for his medical condition while incarcerated, and a retained expert, Dr. Joel Nitzkin.

2. Plaintiff in no way delayed in conducting discovery depositions that would allow the naming of his experts. On September 11, 2012, Plaintiff's counsel requested of defense counsel dates for the deposition of all Defendants and Defendant's expert, Dr. Rahangdale. On

September 19, 2012, counsel for the Defendants responded with dates and deposition dates were agreed to. However, on October 3, 2012, counsel for Defendants advised that former Secretary Walter A. McNeil was not available for deposition on his designated date of October 11, 2012, and would only be available the week of October 22. Furthermore, on October 15, 2012, counsel for Defendants advised Plaintiff's counsel that the defense expert, Dr. Rahangdale, would be available on October 26, 2012 in the afternoon only. However, Defendants' counsel then advised that October 26, 2012 in the afternoon became the available deposition time for former Secretary McNeil. That date was necessitated due to counsel for Plaintiff having a trial set for October 24-25, 2012, and Defendant McNeil being unavailable until the week of October 22. Importantly, as of October 18, 2012, counsel for Defendants stated he was unavailable October 29-31 due to other case commitments. Nevertheless, Defendants finally made the expert for Defendants, Dr. Rahangdale, available October 31, 2012 in the afternoon and his deposition was taken.

      3. By Order of this Court dated September 7, 2012 (Doc. 7), the Court stated that:

> The parties are hereby directed to conduct discovery so that the due date of any discovery requested shall be no later than **October 31, 2012.** Any motions relating to discovery shall be filed no later than **TEN (10) DAYS** thereafter.

By October 31, 2012, all Defendants were deposed by the Plaintiff as well as designees of the Florida Department of Corrections and the defense expert. Additionally, Rule 26(2)(D) provides in pertinent part that:

> *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i)    At least 90 days before the date set for trial or for the case to be ready for trial . . .

In this case, no date has been set for trial.

4. Because of the deposition scheduling and general difficulty in obtaining a retained expert in this pro bono prison case, Plaintiff was only able to retain an expert under Fed.R.Civ.P. 26(a)(2)(B) after the depositions of the Defendants were taken.  That expert, Dr. Joel Nitzkin, had other matters that prevented him from immediately turning around an expert report.  Nonetheless, Plaintiff provided a disclosure of Dr. Nitzkin, including his CV, prior testimony and brief summary of his anticipated opinion on October 31, 2012.  *See* Exhibit A to Plaintiff's Motion for Extension (Doc. 105).  Dr. Nitzkin's trial and work schedule allow him to produce a written report by no later than December 10, 2012.

5. Plaintiff has named Dr. Radi as an expert under Fed.R.Civ.P. 26(a)(2)(C), and will supplement his October 31, 2012 disclosure pursuant to Fed.R.Civ.P. 26(a)(2)(E).  Plaintiff has no objection to Defendants taking the depositions of Dr. Nitzkin and Dr. Radi upon the presentation of a written report by Dr. Nitzkin and supplemental disclosures for Dr. Radi.  Defendants are in no way prejudiced, and there is no trial date set in the case.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendants' Motion in Limine (Doc. 104) and allow the case to proceed on its merits.

Dated: November 23, 2012				Respectfully submitted,

							 /s/ Neil L. Henrichsen
							Neil L. Henrichsen
							Florida Bar No.: 0111503
							HENRICHSEN SIEGEL, P.L.L.C.
							1648 Osceola Street
							Jacksonville, Florida 32204
							Tel: (904) 381-8183
							Fax: (904) 381-8191
							Nhenrichsen@hslawyers.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of November 2012 a correct copy of the foregoing Motion for Extension was furnished via CM/ECF to the following:

Jason Vail
Assistant Attorney General
Office of the Attorney General
PL-01, The Capital
Tallahassee, FL  32399-1050
Jay.vail@myfloridalegal.com

                                              */s/ Neil L. Henrichsen*
                                              Neil L. Henrichsen