**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT KARL GEORGE,

    Plaintiff,

v.                                                                  Case No.:   3:10-cv-688-J-34JBT

WALTER A. MCNEIL, et al.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 119; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on August 23, 2013. In the Report, Judge Toomey recommended that the Court grant Defendants' Renewed Motion for Summary Judgment (Dkt. No. 108), filed on November 28, 2012. See Report at 3. Plaintiff Robert Karl George filed timely objections to the Report on September 9, 2013, see Plaintiff's Objections to Report and Recommendation (Doc. 119) (Dkt. No. 120; Objections), and Defendants responded to Plaintiff's Objections on September 17, 2013, see Defendants' Response to Plaintiff's Objections to Magistrate Judge's Report & Recommendation on Defendants' Motion for Summary Judgment (Dkt. No. 124; Response).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific

objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Here, Plaintiff filed specific objections, some of which were related to the factual findings in the Report. See generally Objections. In addition to filing the Objections, on September 10, 2013, Plaintiff requested that the Court permit Plaintiff to file a verified copy of the Expert Report he submitted in opposition to the Renewed Motion for Summary Judgment. See Motion for Extension of Time for Plaintiff to Submit Verification by Plaintiff's Expert Dr. Joel Nitzkin (Dkt. No. 121). Although Defendants opposed this motion,[1] on September 25, 2013, the Court entered an order granting Plaintiff's request, and directing Plaintiff to file another copy of the Expert Report of Dr. Joel Nitzkin with attestation (Dkt. No. 125). In doing so, the Court cautioned that no substantive changes be made to the Expert Report. Accordingly, in reviewing the Magistrate Judge's Report, the Court has considered Dr. Nitzkin's Expert Report as if it had been properly attested. Nevertheless, the Court concurs with the Magistrate Judge's conclusion that the Expert Report does not create a dispute as to a material fact with respect to the grounds on which the Court has reached its decision.

---

[1] See Defendants' Response to Plaintiff's Motion for Extension of Time for Plaintiff to Submit Verification by Plaintiff's Expert Dr. Joel Nitzkin (Dkt. No. 123).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule Plaintiff's Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge, in part.[2] Specifically, the Court adopts the Magistrate Judge's findings and conclusions that (1) Defendant Dr. Olugbenga Ogunsanwo is entitled to summary judgment because there is no material fact in dispute as to his liability; and (2) Defendants Dr. Trung Van Le, Dr. Ronald Solorzano, Walter McNeil, Melody Flores, Susan Robinson, and Celeste Kemp are entitled to summary judgment on the basis of qualified immunity.

Additionally, the Court notes that Defendant John Doe remains as a named Defendant in this action. Plaintiff sued Defendant John Doe, whom he identified as a Utilization Management Authorization employee at Baker Correctional Institution (BCI), for apparently participating, in some unidentified fashion, in the denial of the request for a liver biopsy on Plaintiff's behalf. See Fourth Amended Complaint (Dkt. No. 82), filed September 8, 2011, at 2, paragraph 9; 7, paragraph 41. However, Plaintiff, who is represented by counsel, has never identified this Defendant by name or served him with process. This matter has been pending since August 6, 2010. The Court appointed counsel to represent Plaintiff on March 9, 2011. See Order (Dkt. No. 51), filed March 10, 2011. Thus, he was represented by counsel throughout the discovery period. Indeed, the court docket reflects that Plaintiff, through counsel, actively participated in discovery, even requesting and receiving two

---

[2] Although the Court agrees with the Magistrate Judge's recommendations on the remaining issues, the Court declines to address them here, as summary judgment is appropriate on other grounds.

extensions of time to complete any necessary discovery. See Order (Dkt. No. 95), filed May 8, 2012; Order (Dkt. No. 103), filed September 7, 2012. Despite this, to date, Plaintiff has failed to identify this Defendant in any way, and has further failed to identify the wrongful actions allegedly taken by this Defendant.

Upon review of the record in this action, it appears that Plaintiff has made no effort to prosecute his claims against this Defendant. As Plaintiff has had ample time, more than three years, to identify and serve the John Doe Defendant, and despite the passage of time and assistance of counsel has failed to do so, the dismissal without prejudice of the unidentified Defendant is appropriate at this time. Therefore, Defendant John Doe, a Utilization Management Authorization employee at BCI, will be dismissed from this action without prejudice.

In accordance with the foregoing, it is hereby

**ORDERED:**

1. Plaintiff's Objections to Report and Recommendation (Doc. 119) (Dkt. No. 120) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 119) is **ADOPTED IN PART**, to the extent that:

    (a) Defendants' Renewed Motion for Summary Judgment (Dkt. No. 108) is **GRANTED** as to Defendant Dr. Olugbenga Ogunsanwo; and

    (b) Defendants' Renewed Motion for Summary Judgment is **GRANTED** as to Defendants Dr. Trung Van Le, Dr. Ronald Solorzano, Walter McNeil, Melody Flores, Susan Robinson, and Celeste Kemp on the basis of qualified immunity.

3. As the Court has determined that summary judgment is appropriate on the grounds stated above, the remainder of the Report and Recommendation will not be addressed.

4. Defendant John Doe is **DISMISSED WITHOUT PREJUDICE**.

5. The Clerk of the Court is directed to enter judgment in accordance with this order, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of September, 2013.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

i18
Copies to:
Counsel of Record